# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7033 | **DATE** | 1/25/2001 |
| **CASE TITLE** | Fabrica De Tejidos Imperial vs. Brandon Apparel Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Brandon's Answer and its Ads are stricken in their entirety. This is of course without prejudice to Brandon's right to file an appropriate self-contained Amended Answer in this Court's chambers on or before February 5, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 26 2001 | 5 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING | 1/25/2001 | |
| | | 01 JAN 25 PM 4:48 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 6 2001

FABRICA DE TEJIDOS IMPERIAL, )
)
Plaintiff, )
)
v. ) No. 00 C 7033
)
BRANDON APPAREL GROUP, INC., )
et al., )
)
Defendants. )

## MEMORANDUM ORDER

Brandon Apparel Group, Inc. ("Brandon") has filed its Answer to the First Amended Complaint ("FAC") brought against it and a codefendant by Fabrica de Tejidos Imperial, S.A. ("Tejidos"). There must be something in the water--this is literally the second sua sponte memorandum order that this Court has been called on to issue today because of defense counsel's having injected similar basic flaws into a responsive pleading that call for it to be stricken.

First, although there is really no justification for a lawyer's failure to conform to the specific recipe prescribed by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the precondition to a defendant's gaining the benefit of a deemed denial of plaintiff's allegations, Brandon's Answer is chock full of this type of nonconforming statement (Answer ¶¶1, 3-6, 8, 12 (in part) and 34):

> Brandon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore leaves Plaintiff to its proofs.



By omitting the critical disclaimer of "belief" that is expressly required by Rule 8(b), Brandon has improperly relieved itself of meeting the higher hurdle demanded by the Rule's drafters to obtain such a deemed denial.

To return for a moment to Answer ¶6 in particular, it is extraordinarily doubtful that Brandon can disclaim the venue allegation in FAC ¶6 with the objective good faith that is demanded by Rule 11. Even though Brandon may contest Tejidos' substantive allegations as to its claim, there would seem to be no question that the venue requirements of 28 U.S.C. §1391(a) have been satisfied here.

Next Brandon's counsel have impermissibly failed to respond in full to the allegations of FAC ¶2. What inference is to be drawn from the fact that the response in Answer ¶2 speaks to certain of Tejidos' allegations and is silent as to the rest?

On another subject, Answer ¶¶12 and 28 fail to respond to the corresponding allegations in the FAC on the premise that FAC Ex. A "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that are permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents. No reason appears why

Brandon should not respond by admitting any allegation that accurately describes the content of whatever part of FAC Ex. A is referred to.

Finally, Brandon's several affirmative defenses ("ADs") are defective in more than one respect. First, to the extent that they fail to accept Tejidos' allegations as true while explaining some other reason for Brandon's asserted nonliability, they are at odds with the principle underlying Rule 8(c) and such cases as Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 736-37 (N.D. Ill. 1982), a decision approved in Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Second, to the extent that they set out asserted defenses in a conclusory skeletal manner (such as "the doctrine of unclean hands," "the doctrine of estoppel" and "the applicable statute of frauds"), they must be fleshed out to apprise both Tejidos and this Court of the nature of the claimed defenses. And third, AD 8's recital of the summary judgment standard of Rule 56 makes no sense at all.

In sum, Brandon's Answer and its ADs are stricken in their entirety. This is of course without prejudice to Brandon's right to file an appropriate self-contained Amended Answer in this Court's chambers on or before February 5, 2001. Lastly, no charge is to be made to Brandon for the added work and expense incurred in correcting counsel's own errors. Brandon's counsel

are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: January 25, 2001